## Evans *v.* Carpenter.

[76 South. 550, Division B.]

Chattel Mortgage. *Conversion of mortgaged property by mortgagor's landlord.*

Where a landlord having waived his lien except as to rent on the tenant's share of the crop, in favor of a deed of trust given by the tenant to a supply merchant, sold the cotton, raised on the rented premises, in his own name and after deducting moneys due him, paid the balance to the tenant knowing of the merchant's trust deed. In such case the landlord should have turned the money over to the merchant after deducting his land rent and his failure to do so was a conversion of the cotton for which he was liable to the merchant mortgagee.

Appeal from the circuit court of Alcorn county.

Hon. Claude Clayton, Judge.

Suit by G. W. Evans against J. W. Carpenter. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*W. C. Sweat,* for appellant.

There is very little controversy about the facts in this case. Patterson lived on Carpenter's place. Carpenter did not want to furnish him. Evans agreed to furnish him, provided Carpenter would waive his landlord's lien in favor of Evans. This Carpenter agreed to do and did do, and Evans furnished him. Evans was therefore entitled to the proceeds of the sale of the cotton, except the rent; this Carpenter well knew. When Carpenter took the cotton to town, sold it in his own name, took charge of the money and deposited it in the bank, he thereby appropriated the money which belonged to Evans and which, by his waiver of his landlord's lien, he had agreed that Evans might have to his own use. The fact that, on the next day, he gave Patterson a check for a

part of the money and cash for the balance of it, can make no difference whatever. Carpenter had no more right to turn this money over to Patterson than he had to turn it over to a stranger, knowing, as he did, that Evans had furnished him on the strength of his waiver of his landlord's lien and on his faith in the fact that he would be able to subject the crop to the payment of this debt. When Carpenter sold this cotton and took charge of the woney, the only remedy that Evans had was to bring suit against Carpenter, which he did.

Carpenter, in his testimony admits that he sold this cotton; that he sold it in his own name, that he took charge of the money. He also admits that he waived his lien in writing to Evans, all except the rent. In the face of these admissions on his part, what right did he have to pay this money to Patterson?

In the case of *Chism* v. *Alcorn*, Mrs. Alcorn owned a plantation and rented it to Bush. Mrs. Alcorn waived her landlord's lien in favor of Chism Bros., who furnished Bush. Afterwards, Mrs. Alcorn sold the crop and appropriated a part of the money to her own use. Chism Bros., then brought suit against Bush and Mrs. Alcorn jointly. Chism Bros. testified that Mrs. Alcorn never agreed to pay the debt, and the court said that Chism Bros., could not recover on this debt but indicated that, if they had brought the suit for money had and received, they could have recovered against Mrs. Alcorn. In his opinion, Judge COOPER used the following language:

"If they had sued for money had and received to their use, or in an action on the case, their testimony would have tended to support their action. This they did not do, but sued both Mrs. Alcorn and Bush, the tenant, on the open account for goods, wares and merchandise sold and delivered to Bush." *Chism* v. *Alcorn*, 71 Miss. 508.

The thing that we are doing here is suing Carpenter for money which he received and appropriated, and which he failed to turn over to Evans and to which he knew at the time that Evans was entitled.

These being the facts and undisputed, the peremptory instruction should not have been given, but at that time, on the evidence then before the court, plaintiff was entitled to a peremptory instruction.

There is another reason why the appellant should have recovered in this cause. Carpenter was liable to Evans for the conversion of this property. Under the facts in this case Carpenter had no right or title to it, and Evans had a right to subject it to the payment of his debt. The doctrine is admirably stated in 38 Cyc., as follows:

"Any distinct act of dominion wrongfully exerted over the personal property of another in denial of his right or inconsistent with it is a conversion. 'The distinction between trespass is this: that trespass is an unlawful thing as, for example, the unlawful removal of the property'—while conversion is an unlawful taking or keeping in the exercise, legally considered, of the right of. ownership. 'A conversion may be either, first, by wrongfully taking a personal chattel; second, by some other illegal assumption of ownership, or by illegally using or misusing goods; or third, by a wrongful detention.' It is not necessary that there should be a manual taking or that it should be shown that defendant applied the chattel to his own use. 'The test is, does he exercise a dominion over it in exclusion or in defiance of the plaintiff's rights?'" 38 Cyc., p. 499.

For these reasons, I submit that the case ought to be reversed and the cause remanded for a new trial.

*J. M. Boone,* for appellee.

The appellant contends that it was the duty of the landlord not to turn the money over to his tennant, J. W. Patterson, but that it was his duty to look up the beneficiary in the trust deed, G. W. Evans, and turn the money over to him. In support of this contention he cites two authorities, one a Mississippi authority, *Chism Bros.* v. *Alcorn,* 71 Miss. 506, and section 2, 38 Cyc., p. 499.

In the Alcorn case the testimony of the plaintiffs tended to show that in consideration of a waiver by the appellants of her landlord's lien, and an agreement that the proceeds of the tenant's crop should be first applied to the payment of the debt, the goods were sold to the tenant to enable him to make a crop on the leased premises. The goods were sold on the security of the crop and the plaintiff looked to that source for payment.

In that case the tenant raised enough cotton to pay the account. The crop was received and sold by Mrs. Annie Alcorn who paid one hundred dollars on the account and appropriated the remainder. The record does not say so in so many words, but it leaves no other conclusion but that Mrs. Alcorn waived her landlord's lien for both rent and supplies, for the crop was to first pay the account. While in the case at bar the appellee, did not waive his landlord's lien as to rents, but only for supplies.

Mrs. Alcorn, did not turn the money over to the tenant, so that he could take the money and discharge his account for the supplies but appropriated it to her own use.

In the case at bar, the appellee, J. W. Carpenter, did turn the money over to the tenant to discharge his indebtedness for supplies; the tenant in this case, J. W. Patterson, told the appellant that the money from these two bales of cotton had been turned over to him, that he had placed the same in the bank and that he, the tenant, would come to town on Saturday, get the money and turn it over to Evans on Monday.

As to the citation from 38 Cyc., page 499, the taking in the case at bar could not be called wrongful. Therefore counsel for appellant has to stand on No. 2, "by some illegal assumption of ownership, or by illegal using or misusing goods." The appellee in the case at bar did not illegally assume ownership of the cotton sold, for he had a fourth interest in the cotton, besides he was instructed by the tenant, J. W. Patterson, to take possession of the cotton, the cotton at that time being in the possession of the tenant, J. W. Patterson, and to sell the

same. Now did the appellee illegally use or misuse the cotton? He sold the same by mutal agreement of landlord and tenant, and turned the money due the tenant over to the tenant. Under what mode of reasoning can counsel for appellant claim that the acts of the appellee were illegal using or misusing of the cotton in this case.

We wish to carry the quotation from Cyc., just a little further than the counsel for appellant carried it. "Conversion, like trespass, requires a positive tortious act. 'Nonfeasance, or neglect of legal duty, mere failure to perform an act made obligatory by contract or by which property is lost to the owner, will not support the action.' According to the prevailing view, the purchase of property, from one who has no power to dispose of it, constitutes a conversion, and no demand for its return is necessary." 38 Cyc. 500.

I know of no law which will prevent a landlord and tenant to agree to sell their cotton, on a certain day, in a certain market, and divide the proceeds of the sale according to their respective interest in the cotton.

The record shows that the landlord, Carpenter, deducted from the proceeds of the bale of cotton a sufficient amount to pay for the ginning and wrapping. "Where a landlord has advanced money to a tenant to pay for picking, ginning, baling, and hauling the cotton upon which he has a lien for his rent, and the tenant has delivered a part of the cotton in payment of such advances, a trustee in a deed of trust on the cotton for supplies furnished the tenant cannot recover the cotton from the landlord, though the advances were made after the landlord had notice of the deed of trust. If it appears that they were used for the common good of those interested and were essential in order that the crop of cotton might be made available to the parties interested. And the right of the landlord in such case is no more than would be the right of any other party in interest making advances in like circumstances." *Strauss* v. *Bailey,* 58 Miss. 131.

"A lien of the landlord for rent is superior to and prior to a deed of trust on the same crop. *Storm et al. v. Green,* 51 Miss. *Arbuckle* v. *Nelmes,* 50 Miss. 557; *Roberts* v. *Simms,* 64 Miss. 597; *Strauss* v. *Bailey,* 58 Miss. 131; *Payne* v. *Aberdeen Hard. Co.,* 66 Miss. 323; *Bacon* v. *Howell,* 60 Miss. 362.

"A grantor in a deed of trust for supplies on a crop of cotton to be raised by himself can sell or give away the products, when made and his vendor or donee, acquires the legal title subject to the incumbrance." *Black Tood & Company* v. *Robertson,* 61 Miss. 54.

"Where the evidence of a party accepted as true is wholly insufficient to maintain the issue, a motion to exclude it should be sustained." *Mississippi, etc., Packet Co.* v. *Edwards,* 62 Miss. 534.

We contend that the acts of the landlord in selling the cotton raised on his place, by agreement with his tenant for a fair and market price, and turning the tenant's part of said sale over to the tenant, was not a conversion of the property of the beneficiary in the trust deed for supplies.

The court did proper in sustaining the motion of the appellee and directing a verdict for the appellee.

Etheridge, J., delivered the opinion of the court.

The appellant, Evans, was a merchant, and Carpenter was the owner of a plantation, a portion of which he leased to a tenant. The tenant desired Mr. Evans to furnish him certain supplies, and Mr. Carpenter waived his lien against the crop of the tenant except to land rent. As to the land rent he was to get one-fourth of the cotton and cotton seed grown upon the premises. Mr. Evans took a deed of trust on the tenant's crop, having the waiver above mentioned, and furnished supplies to the tenant. Carpenter admits signing the waiver in question and of the existence of the deed of trust and its record. When the cotton was ready to be marketed the

tenant turned the cotton over to Mr. Carpenter, the land-lord, who sold it in his own name. The cotton and seed together amounted in value to sixty dollars and ninety-four cents for the tenant's portion. The landlord de-ducted from the price of the cotton certain moneys due him for seed furnished or loaned the tenant, and turned the other part of the money over to the tenant instead of to Mr. Evans, the merchant. There was a judgment in the justice court, where the cause originated, for fifty-two dollars and eighty-four cents and Carpenter appeal-ed to the circuit court, where the circuit court granted a peremptory instruction in Carpenter's favor, and Evans appeals here. We think Mr. Carpenter having sold the cotton in his own name and taking charge of the pro-ceeds of said cotton was a conversion of the cotton. He had knowledge of the merchant's deed of trust, and should have turned the money over to the merchant after deducting his land rent. There is no dispute as to the value of the cotton, and judgment should have been entered for the appellant for fifty-two dollars and eighty-four cents and costs. The judgment of the court below is accordingly reversed, and judgment here for said amount for the appellant, with all costs.

*Reversed, and judgment here.*